August 15, 2005

Hon. Thomas J. McAvoy
United States District Court for the
Northern District of New York
Federal Building and US Courthouse
15 Henry Street
Binghamton, New York 13901

                 Re: **USA v Ivania Maria Couto**
                 **Docket No.: 1:00-CR-304-035**

Dear Judge McAvoy:

This Letter Application is made pursuant to 18 U.S.C. §3564( c) as well as in accordance with those procedures prescribed by Rule 32.1 ( c) Fed R. Crim P.

Ms. Couto, upon those factors set forth in 18 U.S.C. §3553 (a), respectfully requests that the five year term of probation imposed by this Court on March 4, 2004, be modified thus that the Court grant early termination of that term of probation previously ordered. Defendant has satisfied that requirement of the statute by having completed a portion of that term of probation in excess of one year (17 months). This relief is consistent with and warranted by the conduct of the Defendant and in the interests of justice.

The circumstances of this case are well known to the Court. Defendant, Ivania Couto, came to this country from Brazil in 1991. She is the mother of an American citizen, having been married twice to American citizens, her second husband now deceased. At the time of her arrest, Defendant had an application pending with the United States Immigration and Naturalization Service for lawful, permanent resident status.

On or about June, 2000, Defendant was charged as part of a multi-defendant 34-count indictment with Bribery and Conspiracy to Commit Bribery of an INS official in violation of 18 U.S.C. §201(b)(1)(A). The Government's theory of the case was that Defendant acted through an intermediary to secure a green card from an INS agent in return for approximately $9,500. It was alleged that Ms. Couto's involvement in the conspiracy consisted of her participation in the events of May 19, 2000, wherein she was "processed" by Government agents posing as immigration officers at the locations

Hon. Thomas J. McAvoy
Page 2
August 15, 2005

known as the Fox Run Restaurant and Best Western Motel in New Baltimore, New York. Ms. Couto was initially detained in Federal custody upon her arrest June 28, 2000 until July 19, 2000, when she was released on $25,000 bond (secured by $5000 cash) with US Pretrial Services supervision.  She was also released upon a $20,000 INS bond.  Defendant pled guilty to Count 18 of said Indictment in violation of 18 USC §201(b)(1)(A) & (2) and thereafter, prior to being sentenced, sought, unsuccessfully to withdraw her plea of guilty.  Upon denial of this application, Defendant was sentenced, on November 13, 2001, to a term of probation of 5 years and a $2500 fine.  Defendant remained on probation for a period slightly in excess of one year.  On November 15, 2002, the Second Circuit Court of Appeals reversed the decision of the lower Court thus allowing her to withdraw her plea.  Defendant then resumed supervision through Pretrial Services.

Following a jury trial, on June 30, 2003, Defendant was convicted on Counts 8 and 18 of the Indictment; Conspiracy to Bribe Public Officials in violation of 18 U.S.C. §§201(b)(1)(A) and 361 and Bribery of Public Officials in violation of 18 U.S.C. §201(b)(1)(A) & (2).  On March 4, 2004, Defendant was sentenced to a five year term of probation with a special condition of supervision consisting of six months home detention and a $2500 fine, which has been satisfied.  Defendant has remained on probation since March, 2004.  Thus, as of this date, Defendant has served a term of probation of approximately 28 months, both with respect to the first sentence imposed upon her plea of guilty and the second sentence imposed on March 4, 2004.  She has successfully complied with those special terms of supervision consisting of six months home confinement.[1]

18 U.S.C. §3564 ( c) prescribes that

> Early termination.  The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of

---

[1]Defendant appealed her conviction.  On January 14, 2005, the United States Court of Appeals for the Second Circuit issued a Summary Order affirming Petitioner's Judgment of Conviction (United States v Ivania M. Couto, 119 Fed. Appx [2d Cir., 2005]).  Defendant's Petition for Writ of Certiorari to the United States Supreme Court was subsequently denied.

Hon. Thomas J. McAvoy
Page 3
August 15, 2005

> probation previously ordered and discharge the
> defendant at any time in the case of a misdemeanor
> or an infraction or at any time after the expiration
> of one year of probation in the case of a felony, if it
> is satisfied that such action is warranted by the
> conduct of the defendant and the interest of justice.

It is respectfully submitted that application of those factors enunciated in 18 U.S.C. §3553(a)(1)(2)(A-D) mitigate in favor of early termination of Defendant's probation.

Counsel respectfully adopts and incorporates by reference the Presentence Investigative Report wherein Ms. Couto's acceptance of responsibility, personal and family data, were noted. That information, detailing Ms. Couto's character, is consistent with her conduct following her arrest, the myriad of Court proceedings, appeals and, as relevant to this application, throughout both periods of her probation. Ms. Couto has demonstrated by her actions, following her conviction and throughout the dual periods of her probation, that the positive assessment of her at time of sentencing was accurate. Ms. Couto, throughout the period of her probation, has been an exemplary, law abiding citizen, who has validated her initial claims that she entered the United States and sought to remain here, motivated by the best interests of her son, Derick Kevin Couto, whose father is a United States citizen.

Following her conviction and throughout the two terms of probation and Pretrial Services, Ms. Couto has endured. She continues in the struggle to better not only herself, but most importantly, her son. The pressures and anxieties of the instant criminal case are self evident. This, in conjunction with her abusive first marriage and the loss of her second husband to cancer has been devastating. She is presently involved in a protracted Immigration proceeding[2] wherein she is attempting to remain resident of the United States. She continues working as a domestic housekeeper and manicurist, long hours to sustain herself and her family. Her son, whose attainments were noted in the Presentence Investigation Report, and with some credit to Ms. Couto, continues to excel and thrive in the United States. He has been accepted into an accelerated academic program and continues to achieve high honors. The fact that

---

[2]Ms. Couto has set forth various legal grounds in support of her claims to establish legal residency in the United States. These relate, in part, to the manner of treatment by her first husband, who was physically and emotionally abusive to her. The ultimate determination of her efforts to remain in the United States remains pending.

Hon. Thomas J. McAvoy
Page 4
August 15, 2005

Derick is a gifted student is a testament to the character of Ms. Couto.  Suffice it to say,
as the Presentence Investigative Report notes, Ms. Couto has sacrificed for her child.
The measure of the character of Ms. Couto is best summarized by her statement in the
Presentence Investigation Report ... "My son is my life.  He is everything that I have."

        Throughout the two terms of her probation, as well as with respect to her
supervision by Pretrial Services, Ms. Couto has been fully cooperative and who might
be deemed a model probationer upon those circumstances.  Her probation has been
accomplished through the US Probation Department in New Jersey.  The Probation
Officer to whom she has been assigned, Albert Flores, has advised Ms. Couto that he
is leaving service in that department.  It is counsel's understanding that Mr. Flores is not
only in agreement that early termination of probation is warranted and wholly
appropriate upon the circumstances of Ms. Couto's conduct, but that he advised her of
this procedure which motivated her to contact counsel.

        In sum, and upon all of the circumstances, early termination from probation is
warranted by the conduct of the Defendant and the interests of justice.  In accordance
with Rule 32.1( c)(2), it would not appear that a hearing is warranted upon this
application as the relief sought is favorable to the Defendant.  Nonetheless, Defendant
waives said hearing and thus relies in this application upon the instant submission.

                        Respectfully submitted,


                           /s/ Dennis B. Schlenker
                        Dennis B. Schlenker
                        Fed Bar Roll # 102545
                        Attorney for Defendant
                        174 Washington Avenue
                        Albany, New York 12210

To:    Glenn T. Suddaby
       United States Attorney
       Northern District of New York
       445 Broadway
       Albany, New York 12207